Citation Nr: 1438746 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 08-08 133 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to service connection for a respiratory disorder (claimed as mesothelioma) to include as due to asbestos exposure.
 
2. Entitlement to service connection for a low back disorder.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Matthew Schlickenmaier, Associate Counsel




INTRODUCTION

The Veteran served on active duty from September 1966 to June 1970. Subsequently, he had service with the Air National Guard from July 1982 to May 2006, with numerous periods of active duty for training (ACDUTRA). 

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from October 2007 and July 2009 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York.

In July 2012, the Board denied the appellant's claims for entitlement to service connection for bilateral hearing loss and to an initial compensable rating for fractured ribs, and remanded the remaining issues on appeal for further development. Thereafter, the appellant appealed the denial of entitlement to service connection for bilateral hearing loss to the United States Court of Appeals for Veterans Claims (Court). In a January 2013 Order Pursuant to a Joint Motion for Partial Remand (JMPR) filed by the Veteran and the Secretary, the Court vacated and remanded the Board's decision only as to the issue of entitlement to service connection for bilateral hearing loss. The January 2013 JMPR also noted that the appellant affirmatively abandoned his appeal for entitlement to service connection for fractured ribs.

The remaining two issues, entitlement to service connection for a low back disorder and for a respiratory disorder, were remanded to the Appeals Management Center (AMC) in Washington, DC in July 2012 for further development. All three issues were returned to the Board in November 2013, but the requested development had not been completed, and the Board again remanded the claims. 

In a June 2014 rating decision, the AMC granted service connection for bilateral hearing loss. Thus, the only issues currently before the Board are entitlement to service connection for a low back disorder and entitlement to service connection for a respiratory disorder.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into account the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Although the Board sincerely regrets the additional delay that will result from another remand, further development is needed before the Board may proceed with an adjudication of the claims. 

As to the respiratory disorder claim, the November 2013 Board remand in part directed the AOJ to contact the Compensation and Pension Service Policy Staff to attempt to corroborate the Veteran's claimed asbestos exposure and to issue a formal determination as to whether his service resulted in asbestos exposure.

The AOJ, however, obtained only a document that listed each military specialty's likelihood of asbestos exposure and highlighted that quartermasters have minimal exposure. The Veteran's claimed exposure to demolition work thus does not appear to have been considered. Moreover, there are no records indicating that the Compensation and Pension Service Policy Staff has been contacted, nor is there a formal determination regarding the likelihood of the Veteran's asbestos exposure. Additionally, the subsequent VA pulmonologist's opinion did not address the September 1966 private treatment record, the May 2013 VA examination, or the Veteran's lay statements, as directed by the November 2013 Board remand. Stegall v. West, 11 Vet. App. 268 (1998).

As to the claim for a low back disorder, the November 2013 Board remand in part directed the examiner to address whether the Veteran's service-connected fractured ribs had aggravated his lumbar degenerative disc disease. The examiner failed to provide any medically-based rationale for his conclusion, stating only that a contrary opinion was speculative because that examiner did not review the claims file. Indeed, the examiner's January 2014 opinion differs little from his prior May 2013 opinion on aggravation, previously found to be inadequate by the Board. Stegall, 11 Vet. App. 268. The Board "must be able to conclude that a medical expert has applied valid medical analysis to the significant facts of the particular case in order to reach the conclusion submitted in the medical opinion [emphasis added]." Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). Thus an addendum opinion is required. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should contact the Compensation and Pension Service Policy Staff (211) to ensure that all possible avenues for seeking corroboration of the Veteran's claimed exposure to asbestos have been exhausted. See M21-1MR, Part IV, Subpart ii, Chapter 2, Section C, Topic 9. If further investigation is deemed necessary, the AOJ should request that any additional appropriate records depositories or databases provide information that might corroborate the Veteran's claimed in-service asbestos exposure or his claimed involvement in demolition work. The AOJ should then consider the totality of the evidence, including the service personnel records showing an MOS as a cargo handler and explicitly considering the Veteran's contention that he was involved with demolition work from 1969 to 1970 resulting in his exposure to asbestos. An official determination should be made as to whether it is as likely as not such service caused asbestos exposure and an explanation for why such determination was found must be provided.

2. Thereafter, forward the entire claims file in electronic records to the VA pulmonologist who provided the January 2014 opinion, or, if that examiner is unavailable, to another suitably qualified VA board-certified pulmonologist. The examiner should review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records and lay statements. The rationale for all opinions expressed must be provided. If an opinion cannot be provided without resort to speculation, it must be noted in the opinion report, and a rationale should be provided for that conclusion. If additional examination is indicated, it should be scheduled in accordance with applicable procedures. The examiner must provide an opinion which addresses the following:

(a) Does the evidence support a current diagnosis of asbestosis or an asbestos-related disorder? The examiner is specifically asked to address the September 1996 private treatment record, the pulmonary test findings of the May 2013 VA examination, and the current pulmonary test findings. The physician must explain why the pulmonary test findings are or are not indicative of a diagnosis of asbestosis, fibrosis, or mesothelioma.

(b) The examiner should state whether it is at least as likely as not (a probability of 50 percent or greater) that any currently diagnosed respiratory disorder is related to or had its onset during the Veteran's military service. The examiner should also address the lay statements of the Veteran, including assertions regarding performing demolition work in service and of a continuity of symptomatology from the time of service to the present, as well as the September 1976 statement from the Veteran indicating that he was experiencing chest pain and chronic coughing at that time.

The rationale for any opinion expressed should be provided. If an opinion cannot be made without resort to speculation, the examiner should so state and should provide reasoning as to why a conclusion would be so outside the norm that such an opinion is not possible. The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his lay statements must be taken into account in formulating the requested opinion.

3. Thereafter, forward the entire claims file in electronic records to the examiner who prepared the January 2014 opinion regarding the Veteran's low back disorder or, if that examiner is unavailable, to another suitably qualified VA examiner. The examiner should review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records and lay statements. The rationale for all opinions expressed must be provided. If an opinion cannot be provided without resort to speculation, it must be noted in the opinion report, and a rationale should be provided for that conclusion. If additional examination is indicated, it should be scheduled in accordance with applicable procedures.

The examiner should provide an opinion as to whether it is at least as likely as not that the service-connected rib fracture aggravated (permanently made worse) the Veteran's low back disorder. If so, the examiner should describe the extent of aggravation with as much detail as possible. If there is no evidence of aggravation, a rationale should also be provided for that conclusion. The examiner should make clear that he has applied valid medical analysis to the significant facts of the case.

4. After the development requested has been completed, the AOJ should review any report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures at once. 

5. After completing any additional development deemed necessary, readjudicate the claim. If the benefit requested on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be furnished a supplemental statement of the case, which addresses all of the evidence obtained after the issuance of the last supplemental statement of the case, and provided an opportunity to respond. The case should then be returned to the Board for further appellate consideration, if in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).